IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LARS LLC, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | No. 3:25-CV-449-E-BW | |
| § | | |
| MITCHELL McCOO, JR., and § | | |
| all other occupants, § | | |
|     Defendants. § | Referred to U.S. Magistrate Judge[1] | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

Defendant Mitchell McCoo, Jr. removed this eviction action from Justice Court, Precinct 4, Place 1, Dallas County, Texas. (Dkt. No. 3 at 4.) Because jurisdiction is lacking in this Court, the undersigned magistrate judge recommends that the action be remanded to state court.

## I. BACKGROUND

LARS, LLC filed a petition for eviction in the Justice Court, Precinct 4, Place 1 in Dallas County, Texas, on February 10, 2025. (Dkt. No. 3 at ECF p. 4.) Plaintiff sought to evict Defendant Mitchell McCoo, Jr. from 812 Twin Creek Drive, DeSoto, Texas ("the Property"). (*Id.*) On February 24, 2025, McCoo removed the action to this Court, citing as bases for removal the Fifth, Sixth, and Eighth Amendments to the U.S. Constitution and federal question jurisdiction under 28 U.S.C. § 1331.

---

[1] This case has been automatically referred to the undersigned magistrate judge for full case management pursuant to Special Order 3-251.

(Dkt. No. 3 at 2.)  On that same day, McCoo filed an answer to Plaintiff's complaint.  (Dkt. No. 6.)

On February 26, 2025, the undersigned magistrate judge questioned whether McCoo had established that this Court has subject matter jurisdiction over these eviction proceedings.  (Dkt. No. 7.)  The undersigned therefore established a deadline of March 7, 2025, by which McCoo must file a written response that either provides evidence or facts establishing that federal question jurisdiction exists or agrees to remand.  (Dkt. No. 2.)  McCoo has not filed any response to the Court's order, but, on March 11, 2025, he filed a motion seeking an extension of his deadline, which the undersigned will deny by separate order.  (Dkt. No. 8.)

## II.  LEGAL STANDARDS AND ANALYSIS

"Federal courts are courts of limited jurisdiction."  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  Courts apply a presumption against jurisdiction, and the burden "rests on the party seeking the federal forum" to establish that jurisdiction exits in a federal court.  *Id.*  When a lawsuit is removed to federal court, it is the removing party that must satisfy that burden.  *See id.*; *see also Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("A party may remove an action from the state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction.").  The Court is obligated to examine its jurisdiction without being asked to do so in a motion.  *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999).

When, as here, subject matter jurisdiction is predicated on a federal question under 28 U.S.C. § 1331, "the plaintiff's federal question must appear on the face of his well-pleaded complaint." *Quinn v. Guerrero*, 863 F.3d 353, 358-59 (5th Cir. 2017). An otherwise unremovable case does not become removable because a defendant anticipates a defense or files a counterclaim that is based on federal law. *See id.* at 359; *Beneficial Fin., Inc. v. Smith*, No. 3:14-CV-0123-G BN, 2014 WL 764154, at *4 (N.D. Tex. Feb. 25, 2014).

It is not evident from the undersigned's study of the petition filed in justice court that Plaintiff LARS, LLC's claim is based on any federal statute or constitutional provision. (*See* Dkt. No. 3 at ECF p. 8.) McCoo does not dispute this but instead suggests in this notice of removal that jurisdiction exists based on defenses that he might assert in this action or constitutional violations he claims to be suffering as a result of the proceedings. (*See id.* at ECF p. 2.)[2] In particular, he contends that "*Defendant's* claims arise under" multiple constitutional amendments and contends that the state-court proceedings are depriving him of a claimed right to a jury trial or due process. (*See id.* (emphasis added).) As explained above, however, these defenses cannot provide a basis to support removal upon federal question jurisdiction. *See Quinn*, 863 F.3d at 359.

---

[2] Notably, but irrelevant to the analysis, McCoo does not actually allege affirmative defenses based on constitutional claims or federal statutes. (*See generally* Dkt. No. 6.)

### III. RECOMMENDATION

McCoo fails to establish that subject matter jurisdiction exists over these eviction proceedings. The undersigned magistrate judge recommends that, unless Defendant presents facts and evidence supporting jurisdiction under 28 U.S.C. § 1331 within the 14-day period during which he may object to this recommendation, this action should be **REMANDED** to state court.

**SO RECOMMENDED** on March 18, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).