IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LARS LLC, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | No. 3:25-CV-449-E-BW | |
| § | | |
| MITCHELL McCOO, JR., and § | | |
| all other occupants, § | | |
| Defendants. § | | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Mitchell McCoo, Jr.'s "Motion for Relief from Order Adopting Findings, Conclusions, and Recommendation of United States Magistrate Judge and Order Remanding Pursuant to F.R.C.P. Rule 59" ("Motion") filed on April 16, 2025. (Dkt. No. 20.) Having considered the Motion, record, and applicable law, the Court determines and hereby **DENIES** McCoo's Motion.

## I. BACKGROUND

Plaintiff filed a petition for eviction in the Justice Court, Precinct 4, Place 1, in Dallas County, Texas, on February 10, 2025, seeking to evict McCoo from 812 Twin Creek Drive, DeSoto, Texas ("the Property"). (Dkt. No. 3 at ECF p. 4.) On February 24, 2025, McCoo removed the action to this Court, citing as bases for removal the Fifth, Sixth, and Eighth Amendments to the U.S. Constitution and federal question jurisdiction under 28 U.S.C. § 1331. (Dkt. No. 3 at 2.) On that same day, McCoo filed an answer to Plaintiff's complaint. (Dkt. No. 6.) The case was automatically

referred to U.S. Magistrate Judge Brian McKay for full case management pursuant to Special Order 3-251. (*See* Dkt. No. 1.)

On February 26, 2025, Judge McKay questioned whether McCoo had established this Court's subject matter jurisdiction over these eviction proceedings and set a deadline of March 7, 2025, for McCoo to provide evidence or facts establishing that federal question jurisdiction exists. (*See* Dkt. No. 7.) McCoo failed to comply with this deadline, and on March 11, 2025, filed a motion seeking an extension (Dkt. No. 8), which was denied on March 18, 2025. (*See* Dkt. No. 11.)

On the same day, Judge McKay issued Findings, Conclusions, and Recommendation ("FCR") recommending that the Court remand this action to the state court from which it was removed, because McCoo failed to show that this Court has subject matter jurisdiction over Plaintiff's claims asserted in this action. (*See* Dkt. No. 9.) McCoo filed objections (Dkt. Nos. 15, 18), which the District Judge reviewed *de novo* and overruled. (*See* Dkt. No. 19.) Accordingly, the District Judge issued an order accepting the FCR ("Order") and remanding the case for lack of subject matter jurisdiction. (*See id.*) McCoo now submits the present Motion challenging that Order. (Dkt. No. 20.)

## II.  LEGAL STANDARDS

**A.     Motion to Alter or Amend Judgment**

Federal Rule of Civil Procedure 59 provides the grounds for new trial and a motion to alter or amend a judgment. *See* Fed. R. Civ. P. 59. Regarding motions to alter or amend a judgment, Rule 59 states: "A motion to alter or amend a judgment

must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Rule 59(e) motions serve the narrow purpose of permitting "a court to alter or amend a judgment to (1) accommodate an intervening change in controlling law, (2) account for newly discovered evidence, or (3) correct a manifest error of law or fact." *Trevino v. City of Fort Worth*, 944 F.3d 567, 570 (5th Cir. 2019) (footnote omitted); *see also Arrieta v. Yellow Transp., Inc.*, No. 3:05-CV-2271-D, 2009 WL 129731, at *1 (N.D. Tex. Jan. 20, 2009).

"Such motions are not the proper vehicle for rehashing old arguments or advancing theories of the case that could have been presented earlier." *Arrieta*, 2009 WL 129731, at *1 (quoting *AMS Staff Leasing, NA, Ltd. v. Associated Cont. Truckmen, Inc.*, No. 3:04-CV-1344-D, 2005 WL 3148284, at *3 (N.D. Tex. Nov. 21, 2005)). The movant must demonstrate valid reasons to justify the court's reconsideration of a prior ruling. *See Hearn v. Quarterman*, No. 3:04-CV-450-D, 2008 WL 679030, at *3 (N.D. Tex. Mar. 13, 2008).

While "[t]he district court has considerable discretion in deciding whether to reopen a case under Rule 59(e)," *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993), "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly," *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Clancy v. Employers Health Insurance Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000)). Rule 59(e) generally "favor[s] the denial of motions to alter or amend a judgment[.]" *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993) (footnote omitted).

## B.  Removal Jurisdiction

"Federal courts are courts of limited jurisdiction." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Courts apply a presumption against jurisdiction, and the burden "rests on the party seeking the federal forum" to establish that jurisdiction exits in a federal court. *Id.* The removing party bears the burden of establishing that federal jurisdiction exists and that removal is otherwise proper. *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014); *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014). "Any ambiguities are construed against removal and in favor of remand to state court." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013).

When federal jurisdiction is based on the existence of a federal question, *see* 28 U.S.C. § 1331, the federal question must appear on the face of the plaintiff's complaint. *Quinn v. Guerrero*, 863 F.3d 353, 358-59 (5th Cir. 2017). The plaintiff is the "master of the claim," and may choose to "confine his arguments to those arising under state law even if federal claims are available." *Id.* at 359 (internal citation and quotation marks omitted). Anticipation of a federal defense is insufficient to establish federal-question jurisdiction. *Id.* (citing N*ew Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 328 (5th Cir. 2008)). Therefore, an otherwise unremovable case does not become removable because a defendant anticipates a defense or files a counterclaim that is based on federal law. *See Quinn* at 359; *Beneficial Fin., Inc. v. Smith*, No. 3:14-CV-0123-G BN, 2014 WL 764154, at *4 (N.D. Tex. Feb. 25, 2014).

### III. ANALYSIS

McCoo alleges that the Court erred in remanding this case to state court for lack of subject matter jurisdiction. (*See* Dkt. No. 20.) As Judge McKay explained in the FCR, the petition that Plaintiff filed in justice court does not assert any claims based on any federal statute or constitutional provision. (*See* Dkt. No. 3 at ECF p. 8.) McCoo does not dispute this but instead argues that jurisdiction exists based on defenses that he might assert in this action or based on constitutional violations he claims to be suffering as a result of the justice court proceedings. (*See* Dkt. No. 20 at ECF pp. 1-3; *see also* Dkt. No. 3 at ECF p. 2 (notice of removal).)

McCoo contends (among other things) that the case cannot be remanded because the Justice of the Peace Court ("JP Court") deprived McCoo of his "right to a constitutional Trial by Jury," and he cannot enforce his constitutional rights in the JP Court. (*See* Dkt. No. 20 at ECF p. 1-3.) McCoo further contends that, by remanding this case, this Court "will have deprived [him] of rights, privileges and immunities guaranteed by the U.S. Constitution." As explained above, however, the plaintiff is the "master of the claim," and McCoo's anticipated defenses cannot provide a basis to support removal upon federal question jurisdiction. *See Quinn*, 863 F.3d at 359.

McCoo also alleges several procedural errors as grounds for amending the Order, but these arguments are similarly unavailing. For instance, McCoo argues that the Court erred by failing to direct Plaintiff to file its corporate disclosure statement with its first appearance pursuant to Rule 7.1 and failed to grant McCoo a hearing

pursuant to Rule 12. (*See* Dkt. No. 20 at ECF pp. 1-2.) Neither rule is applicable here. Federal Rule of Civil Procedure 7.1(a)(2) provides that: "In an action in which jurisdiction is based on diversity under 28 U.S.C. §§1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement." Fed. R. Civ. P. 7.1(a)(2). In this case, McCoo cites as bases for removal the Fifth, Sixth, and Eighth Amendments to the U.S. Constitution and federal question jurisdiction under 28 U.S.C. § 1331. (*See* Dkt. No. 3 at ECF p. 2.) Nothing in the notice of removal alleges diversity jurisdiction as a basis for removal.[1] (*See id.*) Therefore, Rule 7.1 does not require Plaintiff to file a disclosure statement.

As for McCoo's claim that the Court failed to grant him a hearing pursuant to Rule 12 of the Federal Rules of Civil Procedure (*see* Dkt. No. 3 at ECF p. 2), McCoo appears to misunderstand Rule 12. Rule 12(i) provides that: "[i]f a party so moves, any defense listed in Rule 12(b)(1)-(7)—whether made in a pleading or by motion—and a motion under Rule 12(c) must be heard and decided before trial unless the court orders a deferral until trial." Fed. R. Civ. P. 12(i). As an initial matter, no Rule 12 motions or pleadings have been presented to the Court, and therefore, Rule 12(i) is irrelevant to these proceedings. Furthermore, Rule 12(i) does not require the court to entertain oral argument, as McCoo mistakenly argues. *See, e.g.*, *United States v. Leugers*, No. 16-0614, 2016 WL 8135285, at *1 (S.D. Ohio Dec. 1, 2016), *adopted*, 2017 WL

---

[1] A federal district court has diversity jurisdiction over any civil action where the matter in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states. 28 U.S.C. § 1332(a),

416231 (S.D. Ohio Jan. 3, 2017); *see also* N.D. Tex. L.R. 7.1(g) ("Unless otherwise directed by the presiding judge, oral argument on a motion will not be held.").

McCoo also argues that "this case cannot be remanded to the JP Court because the JP Court's venue cannot exceed $15,000.00, and the property at issue exceeds $75,000.00." (*See* Dkt. No. 20 at ECF p. 1.) Here, McCoo appears to conflate the amount-in-controversy requirement for federal diversity jurisdiction with the jurisdictional limit of the of the Texas Justice of the Peace Court in which Plaintiff originally brought its eviction cause of action. (*See* Dkt. No. 3 at ECF pp. 4-5.) As previously discussed, nothing in MCCoo's notice of removal alleges diversity jurisdiction as a basis for removal. (*See* Dkt. No. 3 at ECF pp. 1-3.) Furthermore, although McCoo alleges that his claims exceed $75,000.00 based on the Property's value, possession is the only issue in an eviction proceeding, not title.[2] (*See id*. at ECF pp. 4-5.)

McCoo also alleges that "the State of Texas has an interest in the property at issue, and is therefor [sic] an indispensable party to the case, thus creating a conflict of interest, if remanded back to JP Court." (*See id*. at ECF p. 2.) McCoo provides no factual or legal basis for this claim, and even if he did, this claim does not establish

---

[2] A forcible detainer action (i.e., eviction) does not relate to the ownership of the home, but rather "[a] forcible detainer action only seeks possession of property." *Deutsche Bank Nat'l Tr. Co. as Tr. for Registered Holders of Morgan Stanle ABS Cap. I Inc. Tr. 2006-HE8, Mortg. Pass-Through Certificates, Series 2006 HE8 v. Silva*, No. 3:23-CV-349-G-BN, 2023 WL 2636726, at *2 (N.D. Tex. Feb. 17, 2023), *adopted sub nom. Deutsche Bank Nat'l Tr. Co., as Tr., In Tr. for the Registered Holders of Morgan Stanle ABS Cap. 1 Inc. Tr. 2006-HE8 v. Silva*, 2023 WL 2632819 (N.D. Tex. Mar. 24, 2023) (citations omitted).

federal subject matter jurisdiction, *see Quinn*, 863 F.3d at 358-59, and therefore, does not change the Court's conclusion that the case should be remanded.

McCoo's final ground for altering or amending the judgment is based on assertions of bias by the judges assigned to his case. Specifically, McCoo alleges that:

- Magistrate Judge McKay and District Judge Ada Brown appear to be practicing law from the bench as said judges appear to be biased towards defendant;

- This Court acted as defense counsel for the Plaintiff, by failing to allow Plaintiff to answer or otherwise prosecute its own claims, contrary to due process of law;

- The Court released an arbitrary order at its discretion, which is inconsistent with due process, and the laws for the United States of America; and

- Magistrate Judge Brian McKay and District Judge Ada Brown appear to be conspiring against defendant's fundamental right of due process.

(*See* Dkt. No. 20 at ECF p. 2.) McCoo fails to set forth any factual or legal basis justifying these assertions, and therefore, the Court determines that McCoo's claims of bias and "conspiring against [his] fundamental right of due process" are without merit and baseless. McCoo is obviously unhappy with the Court's rulings and its decision to remand the case, but this is not an adequate basis for his allegations of bias. *See Liteky v. United States*, 510 U.S. 540, 541 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.") (citation omitted). Moreover, the Court is obligated to consider its own jurisdiction, as it has done here. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999).

For all these reasons, the Court finds that the Motion fails to establish any "manifest error of law or fact." *See Trevino*, 944 F.3d at 570. "'Manifest error' is one that is plain and indisputable, and that amounts to a complete disregard of the controlling law." *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (internal quotation omitted). Such is not the case here.

## IV.  CONCLUSION

For the reasons stated, McCoo's "Motion for Relief from Order Adopting Findings, Conclusions, and Recommendation of United States Magistrate Judge and Order Remanding Pursuant to F.R.C.P. Rule 59" (Dkt. No. 20) is **DENIED**.

**SO ORDERED** on April 28, 2025.

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE